847 F.2d 842
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Kurt W. GETREUER.
 No. 88-1046.
 United States Court of Appeals, Federal Circuit.
 April 26, 1988.
 
 Before MARKEY, Chief Judge, ARCHER and MAYER, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Kurt W. Getreuer seeks review of the final decision of the United States Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (board) sustaining the examiner's rejection of claims 7, 11, 12, 13 and 14 under 35 U.S.C. Sec. 102 (1982) and of claims 8 through 13 under 35 U.S.C. Sec. 103 (1982 and Supp. III 1985). The board also reversed the examiner's rejection of claims 7 through 14 under section 112, second paragraph, but affirmed the examiner's first paragraph rejection. We reverse the board's decision.
 
 OPINION
 A. 35 U.S.C. Sec. 112
 
 2
 Claims 7 through 14 were rejected under section 112, first and second paragraphs. The board reversed the second paragraph rejection but affirmed the first paragraph rejection. The solicitor on appeal states that "the Commissioner, after considering the new arguments and explanatory diagrams in appellant's court brief ... as well as additional prior art ... is of the opinion that this ground of rejection should no longer be maintained." Thus, that portion of the board's decision affirming the section 112, first paragraph rejection is reversed.
 
 B. Prior Art Rejections
 
 3
 Claims 7, 11, 12, 13 and 14 were rejected under section 102(e) as anticipated by U.S. Patent No. 4,366,564 to de Haan et al. ("de Haan") and claims 8 through 13 were rejected as obvious over de Haan. Claim 7 is independent with all of the remaining claims dependent, either directly or indirectly, on claim 7.
 
 
 4
 To anticipate, a prior art reference must disclose each and every element of a claimed invention. Hybritech Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 1379, 231 USPQ 81, 90 (Fed.Cir.1986), cert. denied, 107 S.Ct. 1606 (1987).
 
 
 5
 Claim 7 recites "a frequency synthesizing circuit ... for generating ... a third signal." The solicitor acknowledges that de Haan does not disclose a frequency synthesizing circuit as such but argues that the recited frequency synthesizing circuit is equivalent to de Haan's synchronous detector 42. According to the solicitor, it "combines input signals of two different frequencies in order to provide output signal components having frequencies equal to the sum and the difference of the two input frequencies." Alternatively, the solicitor argues that the recited frequency synthesizer reads on "synchronous detector 42 in combination with phase-locked loop 29."
 
 
 6
 Getreuer argues that a "frequency synthesizer" is a term of art meaning a device that "uses a frequency divider or crystal operated oscillator to produce a signal with a desired frequency." Getreuer further argues that there is no such structure in de Haan and that it therefore cannot be an anticipatory reference.
 
 
 7
 We are persuaded by Getreuer's arguments. Getreuer's independent claim 7 is limited to the use of "a frequency synthesizing circuit ... for generating ... a third signal...." A frequency synthesizer provides an output signal of a designated frequency, preselected independently of any input signal. Thus the third signal recited in claim 7 has a designated frequency which is preselected independently of the inputs. The de Haan structure relied on by the Solicitor as a frequency synthesizer provides an output signal having frequency components which are the sum and difference of the frequencies of two input signals. That output signal does not have a designated frequency which is preselected independently of any input signal; instead it is directly dependent on the input signals. Thus, the structure relied on in de Haan is not a frequency synthesizer and does not function as one. Accordingly, de Haan does not anticipate the claimed invention.
 
 
 8
 Because de Haan does not anticipate independent claim 7 and claim 7 was not rejected under 35 U.S.C. Sec. 103 and because all of the remaining claims are dependent on claim 7, the prior art rejections of claims 7 through 14 are reversed.